IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-02798-PAB-MDB

ANTHONY PRICE,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

---

**ORDER**

---

This matter comes before the Court on Defendant State Farm Fire and Casualty Company's Motion to Exclude the Testimony of Brandon Allen Pursuant to Fed. R. Evid. 702 [Docket No. 27]. Plaintiff Anthony Price filed a response. Docket No. 28. Defendant filed a reply. Docket No. 32. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

This case arises from plaintiff's claim for hail damage under his homeowner's insurance policy. State Farm Fire and Casualty Company ("State Farm") insured plaintiff's residence located on N. Tidy Dr. in Pueblo West, Colorado (the "property"). *See* Docket No. 4 at 2, ¶¶ 8-9. On September 9, 2024, plaintiff filed this case in state court. *Id*. at 1. On October 9, 2024, State Farm removed the case. Docket No. 1. Plaintiff brings claims for breach of contract, bad faith breach of contract, and unreasonable delay or denial of benefits pursuant to Colo. Rev. Stat. §§ 10-3-1115, 10-

3-1116. Docket No. 4 at 4-7. On December 15, 2025, State Farm moved for summary judgment on each of plaintiff's claims. Docket No. 26. State Farm also filed a motion to exclude the opinions of plaintiff's expert, Brandon Allen, who inspected the property and opined on the issue of causation and damage to the property. *See generally* Docket No. 27.

## II. LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–91 (1993). If challenged by a party opposing the testimony of an expert witness, "[Rule] 702 imposes upon the trial judge an important 'gate-keeping' function with regard to the admissibility of expert opinions." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1307 (10th Cir. 2015) (citation omitted). However, "[t]he proponent of expert testimony bears the burden of showing that its proffered expert's testimony is admissible." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009). "[T]he proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." *Id.* (quoting Fed. R. Evid. 702 advisory committee's note (2000)).

To determine whether an expert opinion is admissible, the court must perform "a two-step analysis." *Roe v. FCA US LLC*, 42 F.4th 1175, 1180 (10th Cir. 2022); *see also*

*103 Investors I, L.P. v. Square D Co*., 470 F.3d 985, 990 (10th Cir. 2006). First, the court must determine whether the expert is qualified by "knowledge, skill, experience, training, or education" to render an opinion. *Roe*, 42 F.4th at 1180 (quoting Fed. R. Evid. 702).

Second, if the expert is sufficiently qualified, the proffered opinions must be assessed for reliability. *Id.* at 1180–81. To demonstrate the reliability of an opinion that is based solely on an expert's experience, the expert "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *United States v. Medina-Copete*, 757 F.3d 1092, 1104 (10th Cir. 2014) (quoting Fed. R. Evid. 702, advisory committee notes). Establishing reliability does not require showing that the expert's testimony is indisputably correct. *United States v. Pehrson*, 65 F.4th 526, 540 (10th Cir. 2023); *see also Goebel v. Denver & Rio Grande W. R.R. Co.,* 346 F.3d 987, 991 (10th Cir. 2003) (discussing how the opinion is tested against the standard of reliability, not correctness). However, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Roe*, 42 F.4th at 1181. "[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

## III. ANALYSIS

Mr. Allen's report is dated June 13, 2025 and notes a date of inspection of June 12, 2025. Docket No. 28-1 at 1. The report indicates that Mr. Allen's company was told

that the property was hit by hail on June 16, 2023. *Id*. at 3. The company checked the NOAA severe weather inventory and determined that hail of up to 2.75 inches in diameter was reported in the area on the date of loss. *Id*. Plaintiff also provided Mr. Allen with photographs of the size of the hailstones. *Id*. The inspection discovered hail damage to shingles on all four slopes of the roof, as well as on the metal vents, the gutters, and the paint on the stucco walls and fence. *Id*. at 4-5. The report concludes that "[i]t is the author's opinion that a severe hailstorm caused damage to the roof and collateral surfaces of the property. . . . [W]e believe that a full roof replacement is required." *Id*. at 5.

State Farm does not challenge Mr. Allen's qualifications. Rather, State Farm argues that Mr. Allen's opinions as to the cause of the damage to the property are not based on sufficient facts or data, are not the product of reliable principles or methods, and are not reliably applied to the facts of this case pursuant to Rule 702. *See* Docket No. 27 at 2-3. As State Farm notes, "the question of whether the June 16, 2023 storm caused any covered damage is not in dispute in this case." Docket No. 32 at 2.

State Farm challenges Mr. Allen's assumption that a single hailstorm on June 16, 2023 caused the damage to the property that plaintiff seeks coverage for. *See* Docket No. 27 at 1-2. State Farm argues that Mr. Allen's opinions are improper pursuant to Rule 702 because his inspection occurred two years after the June 16, 2023 hailstorm and he fails to rule out subsequent hailstorms as the cause of the damage he observed. *See id.* at 5-12. State Farm cites evidence of several hailstorms that occurred in the area of plaintiff's property between the date of loss and Mr. Allen's inspection on June 12, 2025. *Id.* at 7. As a result, State Farm argues that Mr. Allen's opinions are "not

based on any known or accepted objective testing or scientific methodology" and he failed to "employ[] any objective protocol capable of isolating causation to a particular storm event." *Id.* at 9. State Farm also argues that Mr. Allen fails to apply a reliable methodology by assuming that "the conditions he observed during his inspection nearly two years after reported date of loss were caused by a single hailstorm on June 16, 2023." *Id.* at 11.

Plaintiff responds that State Farm's Rule 702 motion is improper because it "asks the Court to resolve disputed factual issues, weigh competing expert opinions, and assess credibility – all of which should be within the purview of the jury." Docket No. 28 at 1. Plaintiff argues that Mr. Allen's opinions are not based on speculation, but rather based on accepted industry standards in determining the cause of the damage to the property and his correlation of the "physical damage with known characteristics of hail impacts, including impact morphology, shingle mat compromise, and damage distribution patterns." *Id.* at 5-7. Plaintiff states that "Rule 70[2] does not require an expert to eliminate every hypothetical alternative cause to rely on sufficient fact." *Id.* at 5.

"In evaluating an expert's testimony, district courts may consider whether the expert has 'adequately accounted for obvious alternative explanations.'" *Taber v. Allied Waste Sys.*, Inc., 642 F. App'x 801, 810 (10th Cir. 2016) (unpublished) (quoting Fed. R. Evid. 702 committee note to 2000 amendment). "An expert need not explicitly rule out every possible alternative cause. Nevertheless, the expert must exclude those alternative explanations that are obvious or that have been identified by the adverse party." *Fitzgerald by & through Fitzgerald v. Cath. Health Initiatives Colo.*, No. 21-cv-

0006-WJM-TPO, 2025 WL 1148412, at *2 (D. Colo. Apr. 18, 2025) (internal quotation and citations omitted). "Even where a party relies on expert testimony to determine the most likely cause of an event, an expert 'must provide objective reasons for eliminating alternative causes.'" *Nesavich v. Auto-Owners Ins. Co.*, No. 16-cv-01493-PAB-STV, 2018 WL 3729513, at *6 (D. Colo. Aug. 6, 2018) (quoting *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1237 (10th Cir. 2005)); *see also T.G. v. Remington Arms Co.*, 2014 WL 2589443, at *5 (N.D. Okla. June 10, 2014) ("The ruling out of alternate causes is a viable, and sometime necessary, strategy to show that an expert's opinion is based on reliable methodology.").

Mr. Allen fails to provide objective reasons for eliminating hailstorms that occurred after the reported date of loss as alternative causes for the damage he observed. State Farm attaches to its motion data showing that several hailstorms occurred at the property's location between the date of loss and Mr. Allen's inspection in June 2025. *See* Docket No. 27-4. Mr. Allen's report assumes that the June 16, 2023 storm caused the damage he observed and does not consider subsequent storms. Although the report notes that the hail during the June 16, 2023 storm was up to 2.75 inches in diameter, Docket No. 28-1 at 3, the report does not correlate the size of the hail to the sizes of the shingle bruises he observed. Mr. Allen also does not discuss whether a later storm outside the policy period could have exacerbated pre-existing damage. Mr. Allen merely opines that a "severe hailstorm caused damage to the roof and collateral surfaces of the property" without explanation as to why the June 16, 2023 storm, as opposed to another hailstorm that occurred thereafter, was the sole cause of the damage. *Id.* at 5.

Because Mr. Allen has failed to rule out as alternative causes hailstorms that occurred between June 2023 and June 2025, his opinions are unreliable. Accordingly, the Court will exclude Mr. Allen's opinions regarding the hailstorm that caused the damage to the property's roof as well his opinions as to whether the damage he saw to the fence, gutters, wall, or roof were caused by the June 16, 2023 storm on the date of loss.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Defendant State Farm Fire and Casualty Company's Motion to Exclude the Testimony of Brandon Allen Pursuant to Fed. R. Evid. 702 [Docket No. 27] is **GRANTED in part**.

DATED September 15, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge